# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY D. BARBER,    :  CIVIL ACTION NO. **1:CV-14-1489**
a/k/a ANTHONY BRAWNER   :
             :
    Petitioner     :  (Judge Kane)
             :
    v.       :  (Magistrate Judge Blewitt)
             :
J.E. THOMAS, WARDEN    :
             :
             :
    Respondent   :

## REPORT AND RECOMMENDATION

### I.  Background.

On July 31, 2014, Petitioner, Anthony D. Barber, a/k/a Anthony Brawner, currently an inmate at USP-Lewisburg, Lewisburg, Pennsylvania, filed, *pro se*, a Petition Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1]   (Doc. 1).  Petitioner also filed a Motion to proceed *in forma pauperis*.  (Doc. 2).  Petitioner's habeas petition consists of  a 10-page form petition (Doc. 1, pp. 1-10) with an attached handwritten support brief (Doc. 1, pp. 11-26) as well as Exhibits (Doc. 1, pp. 27-31).  Petitioner names as the sole Respondent J.E. Thomas, Warden at USP-Lewisburg.

We have not yet issued a Show Cause Order and directed Respondent to respond to the habeas petition.  We now give preliminary consideration to the habeas petition pursuant to  Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the U.S.

---

[1]On August 8, 2014, Petitioner filed a Notice of Name Change and he states that the BOP is going to require him to use his alias, namely, Anthony Brawner, and he requests the Court to use his alias to ensure that he receives his mail.  (Doc. 4).   In fact, the BOP website, www.bop.gov,  reveals that Petitioner's name on the BOP records for his BOP register number (34855-007) is Anthony Brawner.

District Courts, 28 U.S.C. foll. § 2254(applicable to § 2241 petitions under Rule 1 (b)).  *See Patton*

*v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Romero v. Holt*, 2006 WL 3437360 (M.D.

Pa.).[2]

Petitioner raises claims challenging his 2005 District of Columbia conviction for carjacking

while armed and his sentence.  It appears from Petitioner's Exhibits that his carjacking sentence

expires on June 22, 2024, and that his release from prison is tentatively scheduled for August 28,

2052, *via* good conduct time.  (Doc. 1, p. 30). The BOP website reveals that Petitioner's release

date is unknown.  Petitioner states that on March 29, 2005, he pled guilty in the District of

Columbia Superior Court to a multi-count indictment and that one of the charges to which he pled

guilty was carjacking while armed.  However, Petitioner states that the carjacking offense occurred

in Forestville, Maryland, and that this criminal count should not have been included in his District

of Columbia indictment.  Petitioner claims that inclduing his carjacking offensee in his District of

Columbia indictment violated D.C. Code 11-923, and that the District of Columbia did not have

jurisdicon over the carjacking offense whihic occurred in Maryland.  Thus, Petitioner contneds that

he is actually innocnet of the carjacking offense and that the sentnece imposed by the District of

Columbia Superior Court for this offense was illegal. Petitioner also seems to claim that Prince

George's County, Maryland, filed a detainer against him for the same carjacking offense while he

is serving his current sentnece imposed by the District of Columbia Superior Court, and that this

violates his protection against double jeopardy since both the District of Columbia and Maryland

---

[2]Rule 4 provides in relevant part: "If it plainly appears from the petition and any attached exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

charged him with the same carjacking offense.  Petitioner further claims that his trial counsel who represented him in the District of Columbia Superior Court was ineffective since his counsel did not challenge the jurisdiction of the District of Columbia Superior Court with respect to the carjacking offense which occurred in Maryland.

Petitioner states that he filed an appeal of his carjacking conviction with District of Columbia Superior Court and that his appeal was dismissed in 2008.  Petitioner states that on December 20, 2010, he  filed an appeal with the District of Columbia Appeals Court and on February 3, 2011, his appeal was dismissed as untimely.

Additionally, Petitioner indicates that when he was confined in Texas, he filed a prior §2241 habeas petition on April 1, 2013, with the U.S. District Court for Beaumont, Texas, raising the same claims as he raises in the instant petition, and that his prior habeas petition is still pending.

As relief in his instant habeas petition, Petitioner requests this federal Court to reverse his District of Columbia Superior Court judgment of sentence and to allow him to withdraw his guilty plea.  Petitioner also requests this federal Court to remand his case back to the District of Columbia Superior Court and to order the District of Columbia Superior Court to give him a new trial.

Thus, Petitioner is clearly attacking his District of Columbia conviction and sentence with respect to the carjacking offense by raising claims of actual innocence, double jeopardy violation, and ineffective assistance of counsel.   Therefore, Petitioner claims that his 2005 District of Columbia conviction and sentence were illegal and he  seeks to have his conviction vacated and his sentence overturned.  Petitioner also seeks a new trial in the District of Columbia Superior Court.

Based on the discussion below, we will recommend that this Court transfer the instant habeas petition to the United States District Court for the District of Columbia.

## II.   Discussion.

In his present habeas petition, Petitioner incorrectly indicates that it is filed under §2241. Also, the Clerk of Court for this federal Court docketed Petitioner's habeas petition as being under §2241.  Even though Petitioner states that his habeas petition is filed under §2241, since he "was convicted by a District of Columbia court, he is considered a state prisoner." *See Mowatt v. Ebbert*, 2011 WL 1877639, *6 (M.D. Pa. March 15, 2011)(citation omitted) adopted by 2011 WL 1878228 (M.D. Pa. May 17, 2011); *Shackleford v. Ebbert*, 2011 WL 1107024, *4   (M.D. Pa. Jan. 19, 2011) adopted by 2011 WL 1059732 (M.D. Pa. Mar. 23, 2011); *Ganeous v. Zickefoose*, 2014 WL 2940583 (M.D.Pa. June 30, 2014).

Thus, even though Petitioner states that his habeas petition is pursuant to §2241, his petition is correctly filed under 28 U.S.C. §2254, since he is clearly challenging his 2005 District of Columbia Superior Court conviction and sentence. *See Robinson v. Reilly*, 340 Fed.Appx. 772, 773 (3d Cir. 2009); *McGill v. Sniezek*, 735 F.Supp.2d 162,  163 n. 1 (M.D. Pa. 2010)("For purpose of federal habeas relief, because [Petitioner] is in custody pursuant to a District of Columbia court judgment, he is a state prisoner and the petition is therefore properly considered one filed under 28 U.S.C. §2254.")(citing *Madley v. U.S. Parole Comm'n*, 278 F.3d 1306, 1309 (D.C. Cir. 2002); *Little v. Sniezek*, 2009 WL 115895, *1 (M.D. Pa. April 29, 2009)("As a state prisoner in custody pursuant to the judgment of a state court, [Petitioner] must rely on 28 U.S.C. §2254 to bring claims challenging the validity or the execution of his conviction and sentence.")(citing *Coady v. Vaughn*,

4

251 F.3d 480, 486 (3d Cir. 2001)); *Ganeous v. Zickefoose*, *supra*.   Therefore, Petitioner Barber's habeas petition challenging his 2005 District of Columbia Superior Court conviction and sentence should be construed as being brought under §2254.

In *Little v. Sniezek*, 2009 WL 115895, *1-*2, the Court stated:

> "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner]....' '[T]hese provisions contemplate a proceeding against some person who has the *immediate* custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004) (emphasis in original) (citations omitted). There is no question that this Court has jurisdiction over Little's Petition.
>
> However, notwithstanding the issue of jurisdiction, a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a); *Braden v. 30th Judicial Circuit of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). Because habeas proceedings are generally considered civil in nature, *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987), the term "civil action" includes habeas petitions. *Parrott v. Government of Virgin Islands*, 230 F.3d 615, 620 (3d Cir.2000). Title 28 U.S.C. § 1391(b) provides as follows:
>
>> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. §1391.

In the above-referenced § 2254 habeas case, Petitioner Barber indicates that all of the events surrounding his present habeas claims occurred in District of Columbia Superior Court which is located in the United States District Court for the District of Columbia.  As mentioned, Petitioner challenges his 2005 District of Columbia conviction and sentence regarding the carjacking offense. As noted, Petitioner's only connection with the Middle District of Pennsylvania is his incarceration in this District at USP-Lewisburg. While there is no question that this Court has jurisdiction over Barber's habeas petition, we find that this case should be transferred to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1404(a).

With respect to Petitioner's challenge to his 2005 District of Columbia conviction and sentence, and his claims that he is actually innocent due to lack of jurisdiction over the carjacking offense, that his double jeopardy rights were violated and that his District of Columbia trial counsel was ineffective, we will recommend that Petitioner's §2254 habeas petition be transferred to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1404(a).  *See Little v. Sniezek*, *supra*; *Warren v. Williamson*, Civil No. 07-1717, M.D. Pa. (J. Kosik); *Ganeous v. Zickefoose*, *supra*.[3]

---

[3]*See Peterson v. Shannon*, 2008 WL 5225819, *3 (M.D. Pa. 12-12-08)("As a general rule, a state prisoner must exhaust his available state court remedies before seeking habeas relief in federal court.")(citation omitted).  As stated above, Petitioner states that he filed an appeal with the District of Columbia Superior Court, seemingly under D.C. Code §23-110, regarding his 2005 District of Columbia conviction and sentence on the carjacking offense.  Since Petitioner was convicted in the District of Columbia, his "sole post-conviction remedy lies under D.C. Code §23-110, and he may not proceed with a federal habeas petition unless §23-110 remedy 'is inadequate or ineffective to test the legality of his detention.'" *Warren v. Bledsoe*, 349 Fed.Appx. 687, 688 (3d cir. 2009)(citations omitted).

Petitioner Barber's instant habeas claims do not relate to his present conditions of confinement at USP-Lewisburg. Rather, Petitioner's habeas claims only challenge his District of Columbia conviction and sentence regarding the carjacking offense. Thus, Petitioner's instant habeas claims have no connection with the Middle District of Pennsylvania, which is where Petitioner filed his habeas petition.

A 28 U.S.C. §2254 petition may be brought in the federal judicial district in which the state court of the conviction is located and, when the prisoner is confined in a prison located in another federal district in the same state as the state of conviction, the petition may be brought in the district of confinement. The district court for the district in which the petition is filed may transfer the petition to the district court for the district of the conviction when to do so is in the interests of justice. 28 U.S.C. §2241(d).

The trial court, namely, District of Columbia Superior Court, is located within the jurisdiction of the United States District Court for the District of Columbia. All records of Petitioner's state court conviction, transcripts of proceedings, witnesses, counsel, and conviction records are also located within the District of Columbia. As stated, we find that Petitioner 's §2254 habeas petition has no relation to his confinement in the Middle District of Pennsylvania.

We find that the Court should transfer Petitioner Barber's habeas petition to the United States District Court for the District of Columbia. We find that for the convenience of the parties and witnesses, and in the interest of justice this Court should transfer Petitioner's habeas petition to the United States District Court for the District of Columbia. *See Little v. Sniezek, supra; Warren v. Williamson, supra; Ganeous v. Zickefoose, supra*.

7

Thus, we will recommend that Petitioner Barber's habeas petition be transferred to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1404(a).   *See Ganeous v. Zickefoose, supra.*

**III.    Recommendation.**

Based on the foregoing, it is respectfully recommended that Petitioner Barber's  habeas petition **(Doc. 1)** be transferred to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1404(a).    It is also recommended that the transferee court decide Petitioner's Motion to proceed *in forma pauperis*.  **(Doc. 2).**

<u>**s/ Thomas M. Blewitt**</u>
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: August 14, 2014**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANTHONY D. BARBER, | : | CIVIL ACTION NO. **1:CV-14-1489** |
| a/k/a ANTHONY BRAWNER | : | |
| | : | |
| Petitioner | : | (Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| J.E. THOMAS, WARDEN | : | |
| | : | |
| | : | |
| Respondent | : | |

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

Report and Recommendation dated **August 14, 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where

required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely Objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.


**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: August 14, 2014**