IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY BRAWNER,<br>a/k/a ANTHONY BARBER,<br>    Petitioner | :<br>:<br>: | <br><br>No. 1:14-cv-01489 |
| vs. | :<br>: | (Judge Kane) |
| J.E. THOMAS, WARDEN,<br>    Respondent | :<br>:<br>: | (Magistrate Judge Blewitt) |

### MEMORANDUM

Before the Court is Magistrate Judge Blewitt's Report and Recommendation (Doc. No. 5), recommending that the Court transfer the above-captioned matter to the United States District Court for the District of Columbia pursuant to 28 U.S.C. 1404(a).  Petitioner, proceeding pro se, filed objections to Magistrate Judge Blewitt's recommendations.  (Doc. No. 6.)  For the reasons that follow, the Court will overrule Petitioner's objections, adopt Magistrate Judge Blewitt's Report and Recommendation, and transfer this case.

**I.    BACKGROUND**

Petitioner is incarcerated in federal prison in Lewisburg, Pennsylvania, serving a sentence handed down by the  District of Columbia Superior Court.  On March 29, 2005, Petitioner plead guilty in the Superior Court of the District of Columbia to a multi-count indictment that included car-jacking while armed, but according to Petitioner, the events predicating the car-jacking charge actually occurred in Forestville, Maryland.  (Doc. No. 1 at 12.)  On July 31, 2014, Petitioner filed this petition for habeas corpus pursuant to 28 U.S.C. § 2241.  (Id.)  On the same day, Petitioner filed for leave to proceed in forma pauperis.  (Doc. No. 2.)  Petitioner believes that his due process rights were violated when the District of Columbia

court indicted him under District of Columbia law for the car-jacking incident. (Id. at 12-13.) Plaintiff argues that charging him in the wrong place amounts to "plain error," (id. at 15-16), and that Maryland and the District of Columbia may not both punish Petitioner for the same offense without violating Petitioner's Fifth Amendment double jeopardy protections.[1] (Id. at 17-19.) Finally, Petitioner claims that his trial counsel failed to challenge the District of Columbia's jurisdiction over the car-jacking offense, falling below the minimum standards for professional conduct enunciated in Strickland v. Washington, 466 U.S. 668 (1984). (Id. at 22-23.) Because Petitioner believes he is being punished twice for the same offense, he maintains that he is actually innocent of car-jacking while armed. (Id. at 23-24.) Petitioner requests that the Court reverse the judgment against Petitioner, withdraw his guilty plea, and set a new trial. (Id. at 26.) Magistrate Judge Blewitt preliminarily evaluated Petitioner's motion, and recommends that the Court (a) construe the petition as a motion under Section 2254, and (b) transfer this case to the United States District Court for the District of Columbia. (Doc. No. 5 at 1-2.)

## II. DISCUSSION

### a. Construction of the petition as a Section 2254 motion

Magistrate Judge Blewitt preliminarily considered the petition, so the Court has not ordered Respondent to address Petitioner's claims. (Doc. No. 5 at 1.) Magistrate Judge Blewitt determined that, because Petitioner is a state prisoner[2] challenging a state conviction, his motion

---

[1] If Petitioner has been charged twice for the same car-jacking incident, the Court is confident that the transferee court will address Petitioner's situation.

[2] Because he is incarcerated under the laws of the District of Columbia, Petitioner is considered a state prisoner, even though he is incarcerated with the federal Bureau of Prisons. Robinson v. Reilly, 340 F.App'x 772, 773 (3d Cir. 2009) (citing Madley v. United States Parole Comm'n, 278 F.3d 306, 1309 (D.C. Cir. 2002)).

should be construed as a motion filed pursuant to 28 U.S.C. § 2254.  (Id. at 4.)  Petitioner objects to this finding, arguing that in certain circumstances, a Section 2241 motion is appropriate when a Section 2255 motion "is inadequate or ineffective to test the legality of [a petitioner's] detention."  (Doc. No. 6 at 8.)

Motions pursuant to Section 2241 are available to federal prisoners challenging the execution of their sentences, rather than the sentence's validity.  See 28 U.S.C. § 2241; Miller v. Federal Bureau of Prisons, 147 F. App'x 302, 304 n.2 (3d Cir. 2005).  Motions filed under 28 U.S.C. § 2255 provide federal prisoners with an avenue to challenge the validity of their sentences.  See 28 U.S.C. § 2255.  By contrast, Section 2254 motions are the proper vehicle for prisoners incarcerated pursuant to state laws seeking federal relief from errors in their conviction or sentencing.  See 28 U.S.C. § 2254.  Where Section 2254 applies, it is the exclusive remedy for state prisoners seeking relief from their convictions in federal court.  Coady v. Vaughn, 251 F.3d 480, 484-85 (3d Cir. 2001).  Such petitions are only granted if the inmate is incarcerated in violation of federal law.  See id.

The Court agrees with Magistrate Judge Blewitt that Section 2254 is the more appropriate provision for Petitioner's situation.  Petitioner is a state prisoner challenging the validity of a state court judgment, so allowing him to circumvent Section 2254 with a Section 2241 motion would "thwart Congressional intent."  Coady, 251 F.3d at 486.  The Coady court considered the distinction between Sections 2241 and 2254 for a state court prisoner challenging the execution of his sentence, rather than the validity of his conviction.  Id.  Because Section 2254 also provides the means to challenge the validity of a state court conviction, Coady applies with equal force.  See 28 U.S.C. § 2254; Coady, 251 F.3d at 486; see also Amenuvor v.

Mazurkiewicz, 494 F. App'x 198, 200 (3d Cir. 2012) (requiring state prisoner to rely on Section 2254 "to bring claims challenging the validity or the execution of his sentence.")

    b.   **Transfer to the United States District Court for the District of Columbia**

Magistrate Judge Blewitt next recommends that the Court transfer Petitioner's action to the United States District Court for the District of Columbia, because "all of the events surrounding [Petitioner's] present habeas claims occurred in District of Columbia Superior Court [and] [a]ll records of Petitioner's state court conviction, transcripts of proceedings, witnesses, counsel, and conviction records are also located within the District of Columbia." (Doc. No. 5 at 6-7.) Accordingly, Magistrate Blewitt finds that the interests of justice would be best served by transferring this action pursuant to 28 U.S.C. § 1404(a). (Id. at 6.) For his part, Petitioner argues that Section 2241 is the appropriate means for relief, but he gives no specific reason why the interests of justice would be better served by retaining the case here. (See Doc. No. 6 at 6-7.)

Section 1404(a) governs the transfer of civil actions between federal district courts. See 28 U.S.C. § 1404(a). Such a transfer is appropriate "[f]or the convenience of parties and witnesses, [and] in the interest of justice," to any district where the action may have properly been initiated. Id. Petitions for habeas corpus are civil actions that are subject to transfer according to Section 1404. In re Nwanze, 242 F.3d 521, 526 n.2 (3d Cir. 2001). Section 2241 motions may only be brought in the district of confinement, so no Section 2241 petitions may be transferred pursuant Section 1404. See Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004); 28 U.S.C. 1404(a) ("[A] court may transfer any civil action to any other district . . . where it might have been brought.") (emphasis added).

The Court agrees with Magistrate Judge Blewitt that the interest of justice would be best

4

served by transferring Petitioner's motion to the United States District Court for the District of Columbia.  As Magistrate Judge Blewitt identified, Petitioner's motion concerns factual and legal circumstances surrounding his 2005 guilty plea in the District of Columbia.  (Doc. No. 5 at 1-2.)  Petitioner's action in no way concerns the circumstances or conditions of his confinement in the Middle District of Pennsylvania.  (See id.)  In addition, while Petitioner objects to Magistrate Judge Blewitt's recommendation that the Court construe his motion as a motion under Section 2254, he does not advance any reason why this district would be a better venue for evaluation of the substance of his motion than the federal District of Columbia.

## III.   CONCLUSION

For the foregoing reasons, the Court will adopt Magistrate Judge Blewitt's Report and Recommendation, overrule Petitioner's objections, and transfer the above-captioned matter to the United States District Court for the District of Columbia.  An order consistent with this memorandum follows.